UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HENRY WILLIAMS #820353,

    Plaintiff,

v.

UNKNOWN THORRINGTON, et al.,

    Defendants.
_____/

Case No. 2:22-cv-00019

Hon. Paul L. Maloney
U.S. District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

This Report and Recommendation (R&R) addresses Defendants' motion for summary judgment due to Plaintiff's failure to exhaust his administrative remedies. (ECF No. 19.) Plaintiff has not filed a response.

State Prisoner Henry Williams filed a verified complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants placed two inmates with Covid-19 in his segregation housing unit at Marquette Branch Prison (MBP), and failed to provide him with cleaning supplies, in violation of his Eighth Amendment rights. Williams says that he has asthma. Williams says that around 24 hours after the two Covid-19-positive inmates arrived in his housing unit, he began experiencing Covid-19 symptoms. (ECF No. 1.)

Williams named Defendants Prison Counselor (PC) Thorrington and Resident Unit Manager (RUM) Erickson as Defendants. Williams says that when he informed

Defendants of his illness, he was told that the best thing he could do was to rest and that he would not be transferred to another facility because he was in segregation. Williams says that Defendants disregarded the seriousness of Covid-19 and failed to provide him with cleaning supplies.

Williams submitted two grievances through Step III that are relevant to the claims he asserted in his complaint. Both grievances were rejected at each Step of the grievance process. The record shows that Williams failed to properly exhaust his claims against Defendants. It is respectfully recommended that the Court grant Defendants' motion for summary judgment and dismiss this case.

## II. Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury[1] or whether it is so one-sided that one

---

[1] If defendants move for summary judgment on the basis of exhaustion under the PLRA, and the court determines that there is a genuine issue of material fact, the issue need not be submitted to a jury. *Lee v. Willey*, 789 F.3d 673, 678 (6th Cir. 2015). Instead, the court may conduct a bench trial to resolve the issue. (*Id.*) In a bench trial on exhaustion, the defendants must show that the plaintiff failed to exhaust his administrative remedies by a preponderance of the evidence. *Id.* at 677 (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007)) ("Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence."); *Richards v. Perttu*, No. 2:20-CV-76, 2022 WL 842654, at *1 (W.D. Mich. Mar. 22, 2022) (affirming a magistrate judge's ruling that the preponderance of the evidence standard applies in a bench trial on exhaustion).

party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. Exhaustion of Administrative Remedies

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-16 (2007). "[W]here the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones*, 549 U.S. at 218-19; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218-19. In rare circumstances, the grievance process will be considered unavailable where officers are unable or consistently unwilling to provide relief, where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it, or "where prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 644 (2016).

"Beyond doubt, Congress enacted [Section] 1997e(a) to reduce the quantity and improve the quality of prisoner suits." *Porter*, 534 U.S. at 524. In the Court's view, this objective was achieved in three ways. First, the exhaustion requirement

4

"afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Id*. at 525. Second, "the internal review might 'filter out some frivolous claims.'" *Id*. (quoting *Booth*, 532 U.S. at 737*).* And third, "adjudication could be facilitated by an administrative record that clarifies the contours of the controversy." *Id*. When institutions provide adequate notice as required under the PLRA, the opportunity to address the claims internally furthers the additional goals of limiting judicial interference with prison administration. *Baker v. Vanderark*, 1:07-cv-004, 2007 WL 3244075, *5 (W.D. Mich., Nov. 1, 2007).

The most common procedure through which a prisoner in MDOC custody exhausts his administrative remedies is the grievance procedure set forth in Michigan Department of Corrections (MDOC) Policy Directive 03.02.130 (effective on March 18, 2019). According to the Policy Directive inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. *Id*. at ¶ Q. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id*. at ¶¶ Q, W. The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id*. at ¶ Y. The Policy Directive also provides the following directions for completing grievance forms: "The issues should be stated briefly but concisely. Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how).

Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ S (emphasis in original).

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. *Id.* at ¶ DD. The respondent at Step II is designated by the policy. *Id.* at ¶ FF.

If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ HH. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ II.

Where the grievance procedures are not available because the issue presented is non-grievable, exhaustion of prison grievance procedures is not required. It is well-established that a prisoner "cannot be required to exhaust administrative remedies regarding non-grievable issues." *Figel v. Bouchard*, 89 F. App'x 970, 971 (6th Cir. 2004); *Mays v. Kentucky Dept. of Corrections*, 2018 WL 4603153, at *3 (W.D. Ky. Sept. 25, 2018) ("It is beyond debate that an inmate cannot be required to exhaust administrative remedies regarding non-grievable issues."); *Reeves v. Hobbs*, 2013 WL 5462147 (W.D. Ark. Sept. 3, 2013) ("Defendants cannot treat a complaint as non-grievable, and therefore not subject to the grievance procedure, and then turn around

and maintain the claim fails because [the plaintiff] failed to follow the grievance procedure. As the well known proverb states, they cannot have their cake and eat it too.").

When prison officials waive enforcement of these procedural rules and instead consider a non-exhausted claim on its merits, a prisoner's failure to comply with those rules will not bar that prisoner's subsequent federal lawsuit. *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010). The Sixth Circuit has explained:

> [A] prisoner ordinarily does not comply with MDOCPD 130—and therefore does not exhaust his administrative remedies under the PLRA—when he does not specify the names of each person from whom he seeks relief. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010) ("Requiring inmates to exhaust prison remedies in the manner the State provides—by, say, identifying *all* relevant defendants—not only furthers [the PLRA's] objectives, but it also prevents inmates from undermining these goals by intentionally defaulting their claims at each step of the grievance process, prompting unnecessary and wasteful federal litigation process."). An exception to this rule is that prison officials waive any procedural irregularities in a grievance when they nonetheless address the grievance on the merits. *See id.* at 325. We have also explained that the purpose of the PLRA's exhaustion requirement "is to allow prison officials 'a fair opportunity' to address grievances on the merits to correct prison errors that can and should be corrected to create an administrative record for those disputes that eventually end up in court." *Id.* at 324.

*Mattox v. Edelman*, 851 F.3d 583, 590-91 (6th Cir. 2017).[2]

---

[2] In *Mattox*, the Sixth Circuit held that a prisoner may only exhaust a claim "where he notifies the relevant prison . . . staff" regarding the specific factual claim "giving the prison staff a fair chance to remedy a prisoner's complaints." *Id.* at 596. For example, grieving a doctor about his failure to give cardiac catheterization did not grieve the claim that the doctor erred by not prescribing Ranexa.

7

### IV. Analysis

Williams filed two grievances that are relevant to the claims asserted in his complaint. Both grievances failed to name Defendants and both grievances were rejected. In **MBP-20-10-1408-27b**, Williams asserted in a Step I grievance that on October 8, 2020, "staff" failed to "provide disinfectant and proper cleaning supplies" after he was exposed to Covid-19 on October 7, 2020. (ECF No. 20-3, PageID.112.) The Step I grievance was rejected as non-grievable because it pertained to the entire prison population. (ECF No. 20-3, PageID.113.) The Step I response stated:

> Your grievance is being rejected in accord with PD 03.02.130 "Prisoner/Parolee Grievances," as a non-grievable issue. It is not specific to you, but rather the prison population as a whole.
>
> Proper Procedure is to direct comments to the Warden's Forum as provided for in PD 04.01.150 "Prisoner Housing Unit Representatives/Warden's Forum".

(*Id.*) Williams was directed to raise the issue at the Warden's Forum as provided in Policy Directive 04.01.150. (*Id.*) Williams's Step II and Step III appeals affirmed the rejection of the Step I grievance and did not consider the merits of Williams's grievance. (ECF No. 20-3, PageID.110-111.)

In MBP **20-10-1285-28k**, Williams stated in his Step I grievance that the administration forced him to house with prisoners who tested positive for Covid-19 on October 6, 2020. (ECF No. 20-3, PageID.117.) The grievance was rejected as a

"joint grievance" filed by prisoners "as an organized protest." (*Id.*)  The Step I response stated:

> Your grievance has been rejected per PD-03.02.130 as joint grievances. Paragraph-F of said policy states in short, two or more prisoners may not jointly file a single grievance regarding an issue of mutual impact or submit identical individual grievances regarding a given issue as an organized protest. Grievance is rejected according to policy.

(*Id.*) Williams's Step II and Step III appeals affirmed the rejection of the Step I grievance and did not consider the merits of Williams's grievance. (ECF No. 20-3, PageID.115-116.)

The Supreme Court held in *Woodford*, 548 U.S. at 92-93, that the PLRA exhaustion requirement requires "proper exhaustion." "Proper exhaustion" means that the plaintiff complied with the administrative agency's deadlines and "critical procedural rules," such as time limits for filing grievances. *Id.* at 90-95. Proper exhaustion is a precondition to any suit challenging prison conditions. *Id.* Therefore, following *Woodford,* if a plaintiff's grievance was not filed in a timely manner pursuant to the state's administrative rules, the plaintiff has not properly exhausted his administrative remedies and the claim is barred. Here, Williams's grievance was rejected at each step for failing to follow MDOC procedure. Williams and his fellow prisoners had an opportunity to raise their complaints about the prison's handling of Covid-19 at the Warden's Forum. Instead, Williams chose to pursue this complaint through the grievance process after being told that this course of action was inappropriate, and another avenue was available. In the opinion of the undersigned, Williams failed to properly exhaust his administrative remedies against Defendants Thorrington and Erickson.

9

### V. Recommendation

It is respectfully recommended that Defendants' motion for summary judgment due to Williams's failure to exhaust his administrative remedies (ECF No. 19) be granted by dismissing Defendants Thorrington and Erickson without prejudice.

If the Court accepts this recommendation, this case will be dismissed.

Dated:   April 21, 2023                                  /s/ *Maarten Vermaat*
                                                         MAARTEN VERMAAT
                                                         U. S. MAGISTRATE JUDGE

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).