UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HENRY WILLIAMS, #820353,  )
          Plaintiff,  )
            )  No. 2:22-cv-19
-v-  )
            )  Honorable Paul L. Maloney
JUSTIN THORRINGTON and PEGGY ERICKSON,  )
          Defendants.  )
            )

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION

Plaintiff Williams alleges Defendants violated his civil rights and filed this lawsuit under § 1983. Defendants filed a motion for summary judgment arguing that Plaintiff failed to properly exhaust his administrative remedies (ECF No. 19). Plaintiff did not file any response. The Magistrate Judge issued a report recommending the Court grant Defendant's motion for summary judgment (ECF No. 22). Plaintiff filed objections (ECF No. 23). The Court adopts in part and rejects in part the report and recommendation.

I.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Before considering the R&R and the objections, the Court makes three observations. First, under Rule 56 of the Federal Rules of Civil Procedure, the moving party bears the burden of proof, regardless of whether an adverse party fails to respond. *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991). Therefore, the court cannot grant a motion for summary judgment simply because the adverse party has not filed an answer and the court must examine the motion to determine whether the moving party has met its burden. *Id.* at 455. Second, this Court generally does not consider arguments or evidence that were not submitted to the Magistrate Judge. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.") (citations omitted). Third, in the complaint, Plaintiff pleads that he was in administrative segregation when the events giving rise to this lawsuit occurred (ECF No. 1 PageID.3

## II.

In their motion, Defendants identify several reasons Plaintiff failed to properly exhaust any claim against them. First, Defendants argue that Plaintiff failed to name them at Step I of any of the three grievances for which MDOC received a Step III appeal (ECF No. 20 at 8 PageID.89). Second, Defendants argue that Grievance 1408 "did not have anything to do with the housing of COVID-19 positive or the denial of Williams' request for transfer" (*id.*) Third, Defendants argue that Grievance 1285 was rejected for a proper reason—multiple prisoners cannot file identical grievances regarding an issue common to all.

The Magistrate Judge finds that Plaintiff failed to properly exhaust the grievances. For Grievance 1408, Plaintiff pursued the matter through the grievance process rather than through the Warden's Forum (R&R PageID128-29). For Grievance 1285, Plaintiff improperly filed a joint grievance, one of many filed by different prisoners raising the same issue.

Plaintiff objects.

A. Failure to Name Defendants. Plaintiff insists he named both Thorrington and Erickson in Grievance 1739. Plaintiff attaches Step I of that grievance (ECF No. 23-1).

The Court overrules Plaintiff's objection. Plaintiff is correct that Grievance 1739 names the two defendants. Plaintiff did not submit this document to the Magistrate Judge and the Court declines to consider it. And, Plaintiff has not established that he pursued Grievance 1739 through Step III. This conclusion does not affect the Court's determination about whether Plaintiff exhausted his remedies. MDOC did not reject any of Plaintiff's grievances relevant to this lawsuit for failing to name individuals at Step I. By failing to raise the procedural deficiency in the rejection, MDOC waived that objection.

B. Grievance 1408 (ECF No. 20-3 PageID.112).[1] Plaintiff filed this grievance on October 12, 2020, during the COVID-19 pandemic. In this grievance, Plaintiff complains he repeatedly asked staff for disinfectant and proper cleaning supplies and was not given any.

---

[1] In their motion for summary judgment, Defendants assert that Grievance 1408 is not relevant to the claims in the lawsuit (ECF No. 20 PageID.89). The Magistrate Judge did not make any findings or recommendations concerning this assertion. The Court disagrees with Defendants. In paragraph 55 of the complaint, where Plaintiff discusses the subjective component of his Eighth Amendment claim, he specifically pleads that Defendants failed to provide him with the requested cleaning supplies (ECF No. 1 PageID.8).

MDOC rejected this grievance as a non-grievable issue (ECF No. 20-3 PageID.113). MDOC directed Plaintiff to raise the issue through the Warden's Forum (*id.*) Plaintiff contends because the issue is non-grievable, he exhausted his administrative remedies. Plaintiff also argues that he could not raise the issue at the Warden's Forum because he was in administrative segregation.

The Court affirms Plaintiff's objection. The Court concludes Defendants have not met their burden in their motion for summary judgment. Defendants established that MDOC rejected Grievance 1408 as non-grievable. Defendants, however, have not established that the grievance was properly rejected as non-grievable. The relevant policy directive for grievances permits MDOC to reject a grievance when "[t]he prisoner is grieving <u>content</u> of the policy or procedure except as it was specifically applied to the grievant" (ECF No. 20-2 MDOC PD 03.02.130 ¶ J8 PageID.96). Plaintiff did not grieve the content of a policy or procedure. Assuming that Plaintiff's concern implicated a policy or directive (Defendants have not identified one), he grieved the specific application of that policy or directive to him.

But, even if Defendants correctly and properly denied the grievance as non-grievable, Defendants still have not established that Plaintiff failed to properly exhaust his administrative remedies. MDOC directed Plaintiff to use the Warden's Forum, which is an alternative administrative remedy. Proving that Plaintiff did not properly exhaust the claim through the grievance process does not establish that Plaintiff did not properly exhaust the claim through the Warden's Forum. Defendants put forth no evidence whether or if Plaintiff used the Warden's Forum. Defendants have not met their burden to prove lack of proper

exhaustion. And, the Court notes that Plaintiff's status in administrative segregation affected his ability to utilize the Warden's Forum. The policy directive for the Warden's Forum provides that the "policy applies only to general population housing units for security Level I through V prisoners." MDOC Policy Directive 04.01.150 ¶ A. The next sentence directs other prisoners to contact the Residential Unit Manager (RUM). *Id.* In Plaintiff's case, Defendant Erickson was the RUM.

      C.   Grievance 1285. Plaintiff grieved that he was forced to live with COVID-19 positive prisoners. MDOC rejected Grievance 1285 as an impermissible joint or organized protest. The Magistrate Judge accepted Defendants' representation that the reason for MDOC's rejection was proper. Plaintiff does not offer any objection that might implicate the Magistrate Judge's findings and recommendations concerning Grievance 1285.

### III.

The Court concludes Defendants have not established that Plaintiff failed to properly exhaust his administrative remedies for his claims related to requests for cleaning supplies. For his claims related to being housed with infected prisoners, Defendants are entitled to summary judgment for lack of proper exhaustion.

Consistent with the above discussion, the Court **ADOPTS in part and REJECTS in part** the Report and Recommendation (ECF No. 22).  The Court GRANTS in part Defendants' motion for summary judgment (ECF No. 19).  **IT IS SO ORDERED.**

Date:   May 31, 2023                                                  /s/  Paul L. Maloney
                                                                                         Paul L. Maloney
                                                                                         United States District Judge